IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| D&R SERVICES, LLC and DD & KD, LLC, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No. 1:22-cv-1087-STA-jay |
| ) | |
| MESA UNDERWRITERS SPECIALTY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant Mesa Underwriters Specialty Insurance Company's Motion to Dismiss (ECF No. 28) filed on February 15, 2023. Defendant seeks the dismissal of Plaintiffs D&R Services, LLC and DD & KD, LLC's claims as a sanction for Plaintiffs' failure to comply with a discovery order entered by the United States Magistrate Judge and for failure to prosecute. When Plaintiffs failed to respond within the time allowed by the Local Rules,[1] the Court ordered Plaintiffs to show cause as to why the Court should not grant the Motion to Dismiss. Plaintiffs have now responded in opposition to the Motion to Dismiss, and Defendant has filed a reply. On

---

[1] Plaintiffs state as part of their briefing on the Motion to Dismiss that counsel for Plaintiffs operated with the understanding that he had 28 days to respond to the Motion due to the dispositive nature of Defendant's request for dismissal. Local Rule of Court 7.2 governs motion practice and states that the response time for all motions is 14 days, unless the motion seeks relief under Rule 12(b) or 12(c) or 56. Local R. 7.2(b). Defendant's Motion to Dismiss seeks the sanction of dismissal under Federal Rules of Civil Procedure 37 and 41. Even though Defendant's request for dismissal would dispose of the entire case, Local Rule 7.2 gave Plaintiffs 14 days to respond. Plaintiffs' assertion on this point is without merit.

1

April 10, 2023, the Court held a status conference with counsel for the parties and addressed the Motion to Dismiss. For the reasons set forth below, the Motion is **GRANTED**.

## BACKGROUND

Plaintiffs originally filed suit in the Circuit Court for Benton County, Tennessee, on March 31, 2022. Plaintiffs allege that Defendant issued them insurance policies and is now liable for breach of contract for its failure to pay for wind and hail damage covered by the policies. Defendant removed the action to this Court on May 6, 2022. Shortly after that, Defendant filed an answer, denying Plaintiffs' allegations, and the parties appeared before the Court for a scheduling conference. On July 7, 2022, the Court entered a Rule 16(b) scheduling order (ECF No. 16) with a case management deadline to complete all written discovery by May 31, 2023. Based on the discovery plan proposed by the parties and approved at the scheduling conference, the Court set a jury trial for January 22, 2024.

On August 30, 2022, after the discovery period was under way, former counsel for Plaintiffs filed a motion to withdraw (ECF No. 17) and later a second or renewed motion to withdraw (ECF No. 19). The Court granted counsel's second request, cautioned Plaintiffs that as limited liability companies, Plaintiffs could not represent themselves in federal court, and gave them 28 days to hire new counsel. *See* Order Granting Second Mot. to Withdraw, Sept. 28, 2022 (ECF No. 21). On October 11, 2022, current counsel for Plaintiffs entered a notice of appearance (ECF No. 22).

On October 27, 2022, Defendant filed a notice with the Court (ECF No. 24), stating that Defendant had served counsel for Plaintiffs with its first set of written interrogatories and requests for production. Federal Rule of Civil Procedure 33 allows a party to serve another party with interrogatories related "to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P.

33(a). Rule 34 permits a party to serve on any other party a request within the scope of Rule 26(b) to produce specified documents or electronically stored information "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1)(A). Plaintiffs' responses to Defendant's interrogatories and requests for production were due no later than November 30, 2022. Fed. R. Civ. P. 33(b)(2); 34(b)(2)(A).

When Plaintiffs did not respond to Defendant's written discovery requests, Defendant filed a motion to compel (ECF No. 25). Fed. R. Civ. P. 37(a)(3)(B) ("A party seeking discovery may move for an order compelling an answer, designation, production, or inspection."). According to the motion, Plaintiffs had failed to respond to the interrogatories or the requests for production within the 30 days allowed under Rules 33 and 34. Defendant therefore sought the entry of a court order compelling Plaintiffs to respond. Defendant also requested an extension of the mediation deadline, owing to the fact that the parties could not undertake mediation until Plaintiffs had answered Defendant's discovery.

The Court referred the motion to compel to the United States Magistrate Judge who granted the motion. Order Granting Mot. to Compel and Mot. to Amend, Jan. 10, 2023 (ECF No. 27). The Magistrate Judge gave Plaintiffs two weeks from the entry of his order, that is, until January 24, 2023, to prepare and serve their responses to Defendant's written discovery requests. The Magistrate Judge also extended the deadline for mediation to April 1, 2023. The Magistrate Judge concluded his written order by "remind[ing] Plaintiffs that failure to meet the most basic procedural requirements of civil litigation will not be looked favorably upon by the Court moving forward." *Id.* at 2.

In its Motion to Dismiss, Defendant now requests the dismissal of Plaintiffs' civil action as a sanction for Plaintiffs' failure to comply with the Magistrate Judge's discovery order.

Defendant seeks dismissal under Rule 37 and for Plaintiffs' failure to prosecute their claims under Rule 41(b). According to Defendant, Plaintiffs did not comply with the Magistrate Judge's order and failed to serve their responses to Defendant's written discovery requests. Defendant argues that Plaintiffs' noncompliance has caused prejudice to Defendant. The Magistrate Judge's order compelling Plaintiffs to act was a lesser sanction and included an admonition about Plaintiffs' failure to meet their obligations. Defendant contends then that dismissal with prejudice is warranted.

When Plaintiffs did not respond to the Motion to Dismiss within the time permitted under the Local Rules, the Court entered a show cause order directing Plaintiffs to respond within 7 days. Plaintiffs have now responded in opposition. Plaintiffs argue that counsel for Defendant failed to consult with Plaintiff's counsel prior to filing the motion to dismiss and therefore violated Local Rule 7.2, which requires consultation between the parties prior to filing a request for a court order. According to an email attached as an exhibit to Plaintiffs' brief, counsel for Plaintiffs contacted counsel for Defendant on February 5, 2023, to advise that Plaintiffs were contemplating the voluntary dismissal of their claims and to ascertain Defendant's position on Plaintiffs voluntarily dismissing their suit without prejudice. Plaintiffs contend that rather than respond to counsel's email, Defendant filed its Motion to Dismiss. Finally, Plaintiffs argue that Defendant has not shown why the sanction of dismissal is appropriate under the circumstances. Plaintiffs deny that they have acted in bad faith or that Defendant has suffered any prejudice. Plaintiffs posit that the Court has not previously given Plaintiffs any warning about the possibility of dismissal.

In its reply, Defendant argues that the consultation requirement found in the Local Rules does not apply to a dispositive motion like the Motion to Dismiss. And Plaintiffs have still not

complied with the Magistrate Judge's order compelling them to provide responses to Defendant's written discovery.

On March 28, 2023, the Court set a status conference in this case and a series of other cases in which counsel for Plaintiffs is counsel of record and the parties to those actions had filed motions for relief based on counsel's failure to meet discovery deadlines or comply with court orders. The Court set the status conferences for April 10, 2023. After the Court had set the conferences, Plaintiffs filed their own Motion for Voluntary Non-Suit Without Prejudice (ECF No. 33) in this matter on April 6, 2023. Plaintiffs seek the voluntary dismissal of the case but without prejudice to their right to re-file the action at a later time. At the April 10 conference, the Court addressed the parties on Defendant's Motion to Dismiss and granted Defendant's request to hold Plaintiff's Motion for Voluntary Non-Suit in abeyance until the Court had first ruled on Defendant's Motion to Dismiss.

**STANDARD OF REVIEW**

Rule 37(b) authorizes a district court to sanction a party for its failure to comply with a court order directing the party to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A). Rule 37(b)(2)(A) specifically lists sanctions courts may impose for a party's noncompliance, up to and including the dismissal of the case. *Id.*; *Mager v. Wisc. Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (citing *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995)). Courts weigh four factors to determine "whether dismissal is an appropriate sanction for failure to comply with a discovery obligation or other court order: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Id.* (quoting *United*

*States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)). Dismissal is warranted for a record of delay or "contumacious conduct," meaning "behavior that is perverse in resisting authority and stubbornly disobedient." *Id.* (quoting *Carpenter v. City of Flint*, 723 F.3d 700, 705 (6th Cir. 2013)).

Plaintiffs cite *Howe v. City of Akron*, 801 F.3d 718 (6th Cir. 2015) for the proposition that the Court should not sanction Plaintiffs if the Court finds Plaintiffs' failure to respond "harmless." Plaintiffs then cite the following factors to guide the Court's assessment of harmlessness: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Howe*, 801 F.3d at 748 (citing *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396–97 (4th Cir. 2014)). According to Plaintiffs, their failure to produce discovery is harmless because the information sought will not come as a surprise to Defendant. Defendant received the same information during the process of adjusting Plaintiffs' insurance claims.

The Court finds Plaintiffs' argument unpersuasive. *Howe* concerned a party's failure to make initial disclosures required under Federal Rule of Civil Procedure 26(a) and the availability of sanctions under Rule 37(c) for the failure to disclose information required under Rule 26(a). *Id.* at 747 ("Although exclusion of late or undisclosed evidence is the usual remedy for noncompliance with Rule 26(a) or (e), Rule 37(c)(1) provides the district court with the option to order alternative sanctions 'instead of' exclusion of the late or undisclosed evidence 'on motion and after giving an opportunity to be heard.'"). *Howe* did not address the situation presented here where a party propounded Rule 33 interrogatories or Rule 34 requests for production of documents, obtained a Rule 37(a) order compelling responses to the written discovery, and then seeks Rule 37(b)

6

sanctions for the non-complying party's failure to obey the court order. The Court therefore finds Plaintiffs' argument about harmlessness or surprise to Defendant to be inapt.

## ANALYSIS

The Court holds that Defendant is entitled to the dismissal of the Complaint as a Rule 37(b) sanction for Plaintiffs' failure to comply with the Magistrate Judge's discovery order. As a threshold question, Defendant has not shown why the Court should act pursuant to Rule 41(b). "When Rule 37(b) applies, there is no need to rely on the court's inherent powers or on Rule 41(b)'s authorization to dismiss for failure 'to prosecute or to comply with these rules or a court order.'" *Mager*, 924 F.3d at 837 n.3. (citing Fed. R. Civ. P. 41(b) and *Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 207, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958)). The issue presented falls squarely within scope and purpose of Rule 37(b), sanctioning parties for their abuse of the discovery process and their failure to comply with discovery orders. Under the circumstances, the Court need not address Defendant's request for relief under Rule 41(b).

The path the parties have taken to reach this point is easy to trace and beyond dispute. Defendant served written discovery requests on Plaintiffs over three months after the adoption of a discovery plan to which Plaintiffs had agreed. After months of delay, Plaintiffs have never responded to the discovery. Plaintiffs did not respond to the requests within the time allowed by the Federal Rules of Civil Procedure. Plaintiffs did not respond to the requests after Defendant made a demand for the responses and warned counsel about the possibility of a motion to compel. Plaintiffs did not respond to the requests after Defendant filed a motion to compel. Plaintiffs did not respond to the requests after the Magistrate Judge granted the motion to compel. Plaintiffs did not respond by the deadline set by the Magistrate Judge. Plaintiffs did not respond in time to

produce the information in advance of the mediation deadline. Plaintiffs did not respond to the requests after Defendant filed its Motion to Dismiss as a discovery sanction. Plaintiffs did not respond to the requests after the Court set a status conference to discuss the impasse. Even though Defendant first propounded its requests more than five months ago and the Magistrate Judge ordered Plaintiffs to take action over three months ago, Plaintiffs have yet to serve Defendant with their discovery responses.

To make matters worse, Plaintiffs have failed to offer any explanation for their utter disregard of the Magistrate Judge's discovery order or their discovery obligations under the Federal Rules of Civil Procedure. Plaintiffs only filed a written response to the Motion to Dismiss once the Court ordered them to show cause for their failure to respond. And as part of that response, Plaintiffs offer only two reasons to stave off the dismissal of their suit. First, Plaintiffs argue that their failure to act was harmless, apparently because Defendant cannot claim surprise over any of the information that Plaintiffs would have produced in response to the written discovery requests. For reasons the Court has already addressed, the harmlessness of Plaintiffs' failure to participate in discovery does not even enter the sanctions equation under Rule 37(b). And Plaintiffs have not shown why their argument about the adjustment process should relieve them of complying with the Federal Rules of Civil Procedure. *ECIMOS, LLC v. Nortek Global HVAC, LLC*, 736 F. App'x 577, 582 (6th Cir. 2018) ("A party cannot unlock its doors and tell its adversary to search for the needle in the haystack. The party must *produce* such documents in response to proper requests.") (emphasis in original).

Plaintiffs' only other point addresses the timing and surrounding circumstances of Defendant's Motion to Dismiss. In Plaintiffs' view, Defendant moved to dismiss as a discovery sanction in an effort to block Plaintiffs' voluntary dismissal of the case without prejudice. The gist

8

of Plaintiffs' point is that Defendant failed to respond to an earlier proposal of voluntary dismissal without prejudice and then failed to comply with the Local Rules' consultation requirement before filing the request for sanctions.[2] As far as the Court can tell, Plaintiffs' erstwhile offer to Defendant to dismiss the case voluntarily may constitute Plaintiffs' only effort to advance the case to a conclusion. Even then, counsel for Plaintiffs raised the matter in an email on February 5, 2023 (ECF No. 30-1) but waited until two months later to file a proper motion with the Court seeking the voluntary dismissal of the case. In view of the full history of the case, Plaintiffs want to have their cake and eat it too, spending months ignoring discovery obligations and then a court order to produce the discovery but faulting Defendant for not negotiating a dismissal on Plaintiffs' preferred terms or giving Plaintiffs' an easier off-ramp for their self-created predicament.

What is completely missing from the record is any justification for Plaintiffs' actions. Plaintiffs have offered no explanation for their failure to respond to Defendant's interrogatories and requests within the 30 days' time allowed under Rules 33 and 34. At no point have Plaintiffs shown that the discovery requests were unduly burdensome, irrelevant, disproportionate, or otherwise objectionable. And nor could they now. By their failure to raise such objections at the

---

[2] As Plaintiffs correctly note, Local Rule of Court 7.2(a)(1)(B) requires a party filing a motion first to consult with opposing counsel about the relief sought. Local R. 7.2(a)(1)(B). While the consultation requirement is clear and unambiguous, denial of the motion for failure to consult is purely discretionary under the Local Rules. *Id.* (stating that the failure to consult "may be deemed" good grounds to deny a motion). The consultation requirement applies in this instance, even though Defendant seeks the dismissal of Plaintiffs' case. Even so, both parties have now stated their positions on the record and been heard on the matter. Conferring with opposing counsel at this juncture, particularly on whether the other should be subject to sanctions, would not further the purposes of the Local Rules' consultation requirement.

proper time, Plaintiffs have waived them. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection [to an interrogatory] is waived unless the court, for good cause, excuses the failure."). Plaintiffs also waived any challenge they may have had to the Magistrate Judge's order. Plaintiffs could have asked the Court to set aside the Magistrate Judge's order compelling them to respond. 28 U.S.C. § 636(b)(1) (permitting review of a magistrate judge's non-dispositive pretrial order under a clearly erroneous and contrary to law standard and giving a party 14 days to appeal the order). But they did not, meaning the Magistrate Judge's order is now the law of the case and Plaintiffs had no alternative other than comply with it. As is now clear, Plaintiffs have not done so.

Even after Plaintiffs lost their opportunity to contest the Magistrate Judge's ruling, Plaintiffs could still have avoided sanctions if they had shown they were unable to comply with the order. *Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 769 (6th Cir. 2019) (noting that a party's "ability to comply with" a court order is relevant to the sanctions question) (citing *Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994)). But Plaintiffs have not made such a showing. In fact, Plaintiffs only responded to the Motion to Dismiss after the Court entered a show cause order and warned them about the possibility of dismissal. When they got around to responding, Plaintiffs' brief was altogether silent about the reasons for their failure to comply. The Court gave counsel for Plaintiffs one more opportunity to account for Plaintiffs' actions at a status conference. Other than vague references to a heavy caseload, counsel for Plaintiffs gave the Court no reason to find that Plaintiffs had actually been prevented from complying with the Magistrate Judge's order for the last three months.

The sanction of dismissal "is a drastic step which should be resorted to only in the most extreme cases." *Larson*, 930 F.3d at 769 (quoting *United Coin Meter Co. v. Seaboard Coastline*

*R.R.*, 705 F.2d 839, 845 (6th Cir. 1983)). By their discovery conduct and their inability to give an account of their actions, Plaintiffs have given the Court no other option short of dismissal. Each of the factors for the Court to consider weighs in favor of dismissal.

First and foremost, Plaintiffs are clearly at fault for their failure to respond to discovery and comply with the Magistrate Judge's order. The Sixth Circuit has found a "clear record of delay and contumacious conduct where a plaintiff failed to answer interrogatories, failed to respond to a motion to compel, and failed to comply with the district court's order granting the defendant's motion to compel and ordering full and complete responses from the plaintiff." *Barron v. Univ. of Mich.*, 613 F. App'x 480, 484 (6th Cir. 2015) (citing *Harmon v. CSX Transp., Inc.,* 110 F.3d 364, 368 (6th Cir. 1997)). Plaintiffs' failure to comply with the Magistrate Judge's order can only be described as recalcitrance at this point, having allowed months to pass without taking action to participate in the discovery phase of the case. And Plaintiffs have given no reasons at all to explain their actions. The first factor weighs strongly in favor of dismissal.

Next, Plaintiffs' failure to respond to written discovery has prejudiced Defendant and its ability to defend itself against Plaintiffs' claims. A party suffers prejudice when it is "unable to secure the information requested" and "required to waste time, money, and effort in pursuit of cooperation which [the opposing party] was legally obligated to provide." *Id*. at 485 (citing *Harmon*, 110 F.3d at 368). Defendant has incurred expense, first in bringing a motion to compel Plaintiffs to respond and now in bringing the Motion to Dismiss. Defendant also had to request a modification of the deadline for ADR, an extension caused by Plaintiffs' failure to respond to discovery. After all of that, Defendant is no closer to obtaining the discovery now than it was when it first served its written discovery requests in October 2022. With the deadline for ADR now passed and the deadline for written discovery fast approaching, Plaintiffs' delay will no doubt

impact the parties' ability to adhere to the current schedule and trial setting. All of this amounts to prejudice to Defendant and its opportunity to prepare the case for trial.

Third, the Court has given Plaintiffs prior warning of the possibility of dismissal. The Magistrate Judge previously admonished Plaintiffs for their failure to respond to discovery and cautioned Plaintiffs that the Court would not "look favorably" on such conduct later. The Magistrate Judge's cautionary note did not specify that the Court would impose the sanction of dismissal. The Sixth Circuit has remarked that a "boilerplate" warning about the possibility of sanctions, "which does not explicitly identify dismissal as a sanction, is not the type of notice sufficient to apprise a party of the possibility of dismissal." *Carpenter v. City of Flint*, 723 F.3d 700, 708 (6th Cir. 2013). If the Magistrate Judge's warning did not put Plaintiffs on notice of the consequences of a failure to comply, the Court's order to show cause did. The Court warned Plaintiffs that their failure to come forward and show why the Court should not grant the Motion to Dismiss could result in the dismissal of their case without further notice. Plaintiffs filed their written brief in response to the show cause order but did not actually show cause for their failure to comply with the Magistrate Judge's order or give the Court any other grounds to deny the Motion to Dismiss. At the status conference, counsel for Plaintiffs made remarks about hiring additional staff to assist him in responding to discovery in other cases before the Court. However, counsel never explained why he was somehow prevented from complying with a court order entered three months ago. The Court finds that this factor weighs in favor of dismissal.

The final factor, the availability of lesser sanctions, also weighs in favor of dismissal with prejudice. Rule 37(b)(2) of the Federal Rules of Civil Procedure authorizes a district court to impose a number of sanctions for a party's failure to comply with a discovery order. Among the sanctions is dismissal of the action or proceeding in whole or in part. The Court finds that dismissal

12

of the Complaint is warranted in this case and that no lesser sanctions would actually bring Plaintiffs into compliance.  Plaintiffs have ignored their discovery obligations under the Federal Rules and failed to comply with a court order compelling them to act.  Plaintiffs have not only failed to explain why, Plaintiffs have never even asked for more time to respond to the discovery.  On the contrary, Plaintiffs raised the possibility of voluntary dismissal more than two months ago and filed their own request for voluntary dismissal after Defendant filed its Motion to Dismiss.  This suggests to the Court that Plaintiffs never intended to respond to the discovery requests.  A lesser sanction, including dismissal of the case without prejudice, would fail to penalize Plaintiffs for this unacceptable course of conduct and would not deter similar conduct in the future.  *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763–64 (1980) ("Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent.") (cleaned up).  This final factor weighs in favor of dismissal with prejudice.

## CONCLUSION

Plaintiffs are in violation of a clear court order to provide discovery responses.  Plaintiffs have offered no justification for their failure to comply with that order or taken any other steps to meet their discovery obligations.  The sanction of dismissal with prejudice is the only appropriate outcome in this case.  Therefore, Defendant's Motion to Dismiss is **GRANTED**.  The Clerk of Court is directed to enter judgment.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:  April 11, 2023.